**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118408

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

| | |
|---|---|
| Jonathan C. White, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| Weltman, Weinberg & Reis Co., LPA, | JURY TRIAL DEMANDED |
| Defendant. | |

Jonathan C. White, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Weltman, Weinberg & Reis Co., LPA (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New Jersey.

### PARTIES

5.      Plaintiff Jonathan C. White is an individual who is a citizen of the State of New Jersey residing in Atlantic County, New Jersey.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Weltman, Weinberg & Reis Co., LPA, is an Ohio Corporation with a principal place of business in Franklin County, Ohio.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.      The principal purpose of Defendant's business is the collection of such debts.

12.      Defendant uses the mails in its debt collection business.

13.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### ALLEGATIONS SPECIFIC TO PLAINTIFF

14.      Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.      The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.      The alleged Debt does not arise from any business enterprise of Plaintiff.

17.      The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.      At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.      At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated November 7, 2018. (A true and accurate copy is annexed hereto as **<u>Exhibit 1.</u>**")

21.     The Letter conveyed information regarding the alleged Debt.

22.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     The Letter was received and read by Plaintiff.

24.     15 U.S.C. § 1692e protects Plaintiff's concrete interests.  Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant.  As set forth herein, Defendant deprived Plaintiff of this right.

25.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

26.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

28.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

29.     A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.  *Clomon*, 988 F.2d at 1318.

30.     A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

31.     A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.  *DeSantis*, 269 F.3d at 161.

32.     A statement of an amount due, without notice that the amount may increase, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account.

33.     For this reason, 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase, or to state that payment of a sum certain by a specified date will fully satisfy the debt. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016).

34.     The failure to provide the aforementioned disclosure makes the collection letter deceptive under 15 U.S.C. § 1692e.

35.     The Letter states the Balance due as $7,369.14.

36.     The amount of the alleged Debt was increasing at the time it was assigned or otherwise transferred to Defendant for collection.

37.     The amount of the alleged Debt was increasing at the time Defendant sent Plaintiff the Letter.

38.     The amount of the alleged Debt was increasing at the time Plaintiff received the Letter.

39.     The Letter fails to advise Plaintiff that the amount of the alleged Debt was increasing.

40.     The Letter fails to advise Plaintiff that payment of a sum certain by a specified date will fully satisfy the debt.

41.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

42.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

43.     Plaintiff seeks to certify a class of:

> All consumers to whom Weltman, Weinberg & Reis Co., LPA (WWR) mailed letters seeking to collect debts: (i) which were primarily for personal , family, or household purposes; and (ii) which debts were subject to increase based on interest and/or late fees; and (iii) to whom WWR sent letters failing to disclose that the amount of the debt was subject to increase; (iv) during the period from on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

44.     This action seeks a finding that Defendant's conduct violates the FDCPA, and

asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

45.    The Class consists of more than thirty-five persons.

46.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

48.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

49.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

a.    Certifying this action as a class action; and

b.    Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.    Finding Defendant's actions violate the FDCPA; and

d.    Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Granting Plaintiff's costs; all together with

g.   Such other relief that the Court determines is just and proper.

DATED: November 6, 2019

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118408